IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RINALDI,         :   | | |
|    Petitioner              : | | |
|                                : | No. 1:21-cv-1363 | |
| v.                       : | | |
|                                : | (Judge Rambo) | |
| WARDEN TIM BETTI,         : | | |
|    Respondent              : | | |

**MEMORANDUM**

I. **BACKGROUND**

On August 4, 2021, *pro se* Petitioner Michael Rinaldi ("Petitioner"), who is currently incarcerated at the Lackawanna County Prison in Scranton, Pennsylvania, initiated the above-captioned action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) Petitioner also paid the requisite filing fee. (Doc. No. 2.)

In 1999, following a jury trial in this Court, Petitioner was convicted of the following four (4) charges: conspiracy to distribute and possess with intent to distribute in excess of five (5) kilograms of cocaine; distribution and possession with intent to distribute cocaine; using and carrying firearms during and in relation to drug trafficking crimes; and possession of firearms by a convicted felon. *United States v. Rinaldi*, 447 F.3d 192, 193 (3d Cir. 2006). The Court sentenced Petitioner to an aggregate sentence of 248 months' imprisonment. *Rinaldi v. Allenwood*, 646 F. App'x 202, 203 (3d Cir. 2016). The United States Court of Appeals affirmed

Petitioner's convictions and sentence. *Id.* Petitioner subsequently flied a motion to vacate pursuant to 28 U.S.C. § 2255, which was denied. *Id.*

In his latest § 2241 petition, Petitioner seeks to have his conviction for violating 18 U.S.C. § 924(c) vacated. (Doc. No. 1 at 1.) He asserts that in *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), the Third Circuit recently recognized that "conspiracy and other inchoate crimes do not meet the definition of a drug trafficking offense." (Doc. No. 1 at 2.) Petitioner maintains hat because he was convicted of use of a firearm in relation to a conspiracy offense, the conspiracy no longer "qualifies as an underlying drug trafficking offense for 924(c) purposes." (*Id.*) As relief, Petitioner requests that his § 924(c) conviction be vacated, and his term of supervised release[1] be modified. (*Id.*)

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part that "[i]f it plainly appears from

---

[1] On July 23, 2021, Petitioner was sentenced to a term of 235 months' incarceration after a jury attending this Court found him guilty of conspiracy to distribute and possession with intent to distribute heroin and distribution and possession with intent to distribute cocaine. *United States v. Rinaldi*, No. 3:18-cr-279 (M.D. Pa.) (Doc. No. 460). Petitioner is scheduled to appear for a final hearing regarding revocation of his supervised release on August 10, 2021. *United States v. Rinaldi*, No. 3:98-cr-294 (M.D. Pa.) (Doc. No. 747).

the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

It is well settled that to challenge the validity of a sentence, a federal prisoner must file a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court, which is "already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774-75 (2008); *see also Russell v. Martinez*, 325 F. App'x 45, 47 (3d Cir. 2009) (noting that "a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). Conversely, a federal prisoner may challenge the execution of his sentence, such as the denial or revocation of parole or the loss of good-time credits, buy filing a petition pursuant to 28 U.S.C. § 2241 in the district court for the federal judicial district where he is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 443-44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). However, if a petitioner shows "that a § 2255 motion 'is inadequate or ineffective to test the legality of his detention,' . . . [he may] resort to § 2241 to challenge the validity of the conviction or sentence." *See Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001); *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) ("It is firmly established that the remedy available to a federal

3

prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of [the prisoner's] detention.'").

A motion under § 2255 is not "inadequate or ineffective" if the sentencing court has previously denied relief.  *See In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).  Nor is a § 2255 motion "inadequate or ineffective" merely because the inmate "is unable to meet the requirements of [28 U.S.C.] § 2244 and § 2255(h), which require a federal prisoner to obtain preauthorization from the appropriate United States Court of Appeals before filing a second or subsequent § 2255 motion in the sentencing court."  *See Miller v. United States*, No. 3:19-cv-2159, 2020 WL 820334, at *2 (M.D. Pa. Jan. 9, 2020), *report and recommendation adopted*, 2020 WL 815777 (M.D. Pa. Feb. 18, 2020).  Moreover, "§ 2255 is not inadequate or ineffective merely because the petitioner cannot satisfy § 2255's timeliness or other gatekeeping requirements."  *See Long v. Fairton*, 611 F. App'x 53, 55 (3d Cir. 2015) (citing *Dorsainvil*, 119 F.3d at 251).  The Third Circuit:

> permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a "claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing an intervening Supreme Court decision"—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review.  And second, the prisoner must be "otherwise barred from challenging the legality of the conviction under § 2255."  Stated differently, the prisoner has "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."

4

*Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017) (quoting *Dorsainvil*, 119 F.3d at 251). If a petitioner improperly challenges a federal conviction or sentence under § 2241, the § 2241 petition must be dismissed for lack of jurisdiction. *See Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).

As noted *supra*, Petitioner asserts that, pursuant to the Third Circuit's recent decision in *Nasir*, his § 924(c) conviction must be vacated because the underlying drug trafficking offense was a conspiracy offense. In *Nasir*, the Third Circuit, *inter alia*, concluded that inchoate crimes, such as attempts and conspiracies, do not qualify as predicate offenses for purposes of the career offender provision of the United States Sentencing Guidelines. *Nasir*, 982 F.3d at 156-60. As an initial matter, the Court has not located any case law applying *Nasir* to § 924(c) convictions relating to underlying drug trafficking offenses involving attempts or conspiracies. Section 924(c) provides for a consecutive term of imprisonment for using and carrying a firearm in relation to "any . . . drug trafficking crime . . . for which the person may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A). Petitioner's conviction for conspiracy to distribute and possess with intent to distribute in excess of five (5) kilograms of cocaine certainly qualifies as such an offense.

Upon review of Petitioner's § 2241 petition, the Court concludes that Petitioner has not met his burden of demonstrating that a motion under § 2255 is

5

inadequate or ineffective to challenge the legality of his detention. Moreover, Petitioner's claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct so that his conviction is no longer valid. Petitioner, therefore, may not rely upon § 2241 to raise his claim that his conviction pursuant to § 924(c) is invalid under *Nasir*. Thus, the Court will dismiss Petitioner's § 2241 petition for lack of jurisdiction.

### III. CONCLUSION

Based on the foregoing, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) will be dismissed for lack of jurisdiction without prejudice to Petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements set forth in 28 U.S.C. §§ 2244 and 2255(h), as they may apply. Because Petitioner is not detained because of a process issued by a state court and the petition is not brought pursuant to § 2255, no action by this Court with respect to a certificate of appealability is necessary. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: August 10, 2021